UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL 639 -- EMPLOYERS PENSION TRUST<br>3130 Ames Place, NE<br>Washington, DC 20018,<br><br>and<br><br>THOMAS E. RATLIFF, PHILIP GILES, JOHN GIBSON, FORREST HARVEY, RAYMOND HOWARD, FRANK W. STEGMAN, AND ERIC D. WEISS, as Trustees of the TEAMSTERS LOCAL 639 -- EMPLOYERS-PENSION TRUST<br>3130 Ames Place, NE<br>Washington, DC 20018,<br><br>      Plaintiffs,<br><br>  vs.<br><br>YRC ENTERPRISE SERVICES, INC.<br>10990 Roe Avenue<br>Overland Park, KS 66211<br><br>Agent for Service:<br>The Corporation Company, Inc.<br>112 SW 7th Street, Suite 3C<br>Topeka, KS 66603<br><br>      Defendant. | Civil Action No.: 1:18-cv-2371<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>   **for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, ATTORNEYS' FEES AND COSTS**

**Introduction, Jurisdiction, and Venue**

1.  This is a civil action brought by employee benefit plans, and by the Trustees of those employee benefit plans, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§

1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and attorneys' fees and costs owed by the Defendant.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Teamsters Local 639 -- Employers Health and Pension Trusts are administered and located in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Teamsters Local 639 -- Employers Pension Trust ("Pension Fund"), is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3) and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to covered employees of contributing Employers. The Pension Fund is and at all times herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is administered at 3130 Ames Place NE, Washington, DC 20018.

6. Plaintiff Trustees of the Pension Trust, Thomas E. Ratliff, Philip Giles, John Gibson, Forrest Harvey, Raymond Howard, Frank W. Stegman, and Eric D. Weiss, are the duly

authorized Trustees of the Pension Fund who administer the Pension Fund for the benefit of its participants and beneficiaries. The Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant YRC Enterprise Services, Inc. ("YRC") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant YRC is incorporated under the laws of the state of Delaware and headquartered at 10990 Roe Avenue, Overland Park, KS 66211.

## Factual Background

9. At all relevant times, Teamsters Local Union No. 639 (the "Union") has been the exclusive collective bargaining representative for the Defendant's covered employees.

10. At all relevant times, YRC was signatory to, and bound by, a collective bargaining agreement ("CBA") with the Union.

11. Pursuant to the CBA, YRC was required to contribute to the Pension Fund for each hour worked by covered employees.

12. By submitting reports and contributions, YRC agreed to be bound by the Pension Fund's Agreement and Declaration of Trust ("Pension Fund's Trust Agreement"). A true, correct, and complete copy of the Pension Fund's Trust Agreement is attached as Exhibit 1. Section 6.4 of the Pension Fund's Trust Agreement requires that contributions are to be paid with the appropriate remittance report on or before the last day of the month following the month in which the hours reported and contributed on were worked and shall be in the manner and form required by the Trustees of the Pension Fund. Ex. 1, Section 6.4.

13. Section 6.5 of the Pension Fund's Trust Agreement provides that if a company fails to make its required payments, the company is assessed monthly interest in the amount of 1.5% or the prime rate, whichever is greater. Ex. 1, Section 6.5. Late payments are further assessed liquidated damages in the amount of ten percent (10%) per month of the amount due. Ex. 1, Section 6.5. The Pension Fund's Trust Agreement also provides that if any lawsuit is initiated to collect delinquent contributions, the company is liable for all reasonable expenses incurred by the Pension Fund, including but not limited to, attorneys' fees and court costs, plus an additional liquidated damage of ten percent (10%) per month on the amount due. *Id*.

14. Defendant is obligated to make contributions to the Pension Fund under the terms of the CBA with the Union and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

## COUNT I – Delinquent Contributions to the Pension Fund
## Pursuant to ERISA Sections 502 and 515

15. Plaintiffs re-allege and incorporate Paragraphs 1 through 14 herein.

16. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

17. Defendant has failed to timely remit all required contributions to the Pension Fund for the period of August 2016 through July 2018, resulting in the assessment of interest and liquidated damages.

18. Specifically, Defendant owes the Pension Fund $68,500.36 in contributions, $16,818.18 in interest (calculated through September 13, 2018), and $13,700.07 in liquidated

damages for the period of August 2016 through July 2018, as provided for by the Pension Fund's Trust Agreement. Interest continues to accrue on unpaid contributions until the date actually received by the Pension Fund.

19. Prior to commencing this lawsuit, the Pension Fund contacted Defendant on numerous occasions in an attempt to obtain the outstanding amounts owed. Defendant has failed to make payment on the amounts due. To date, Defendant has failed to satisfy its obligations to the Pension Fund, and pay the delinquent and unpaid contributions, or interest and liquidated damages on the delinquent or previously late paid contributions.

20. Defendant's continued failure to pay the amounts due has caused irreparable harm to the Pension Fund's participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

21. Pursuant to Section 502(g) of ERISA, the Pension Fund is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

### COUNT II – Collection of Delinquent Contributions to the Pension Fund Pursuant to LMRA Section 301

22. Plaintiffs reallege and incorporate Paragraphs 1 through 21.

23. This claim arises under Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

24. Defendant is obligated, under the terms of the applicable CBAs, to provide remittance reports and contributions to the Pension Fund on behalf of the Defendant's employees. Pursuant to the CBAs and its agreement to be bound by the Fund's Trust Agreement, Defendant is also obligated to pay interest and liquidated damages for the late payment of such contributions.

25. By failing to timely pay contributions, Defendant is in breach of contract and owes interest and liquidated damages on any unpaid or late paid contributions.

26. Plaintiffs, as third-party beneficiaries to the CBA between Defendants and the Union, are entitled to recover owed contributions, interest, and liquidated damages in the amount of $99,018.61 for Defendant's breach of contract. Interest continues to accrue on any unpaid contributions until the date actually received by the Pension Fund.

27. Pursuant to the CBAs and Defendant's agreement to be bound by the Fund's Trust Agreement, Plaintiffs are also entitled to attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant YRC is liable for delinquent contributions and interest owed pursuant to the CBA, and the Trust Agreement of the Pension Fund, with interest accruing through date of payment;

2. Declare that Defendant has breached the CBA with the Union by failing to remit required contributions, interest, and liquidated damages to the Plaintiff Pension Fund;

3. Order Defendant to pay all unpaid contributions, interest, and liquidated damages owed pursuant to the CBA, and the Trust Agreement of the Pension Fund, with interest accruing through date of payment;

4. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the CBA, the Trust Agreement, and Section 502(g) of ERISA;

5. Retain jurisdiction of this case pending compliance with its Orders; and

6. Grant such further relief as the Court may deem appropriate.

                            Respectfully Submitted,

                            /s/   Diana M. Bardes
                          Diana M. Bardes (DC Bar# 1010075)
                          Mooney, Green, Saindon, Murphy & Welch P.C.
                          1920 L Street, NW, Ste 400
                          Washington, D.C.  20036
                          (202) 783-0010
                          dbardes@mooneygreen.com
                          Counsel for the Plaintiffs

Date: October 15, 2018

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 12th day of October, 2018, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

                 /s/ Diana M. Bardes
                 Diana M. Bardes

October 15, 2018